FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

NOV -7 2005

MARKUS B. ZIMMER, CLERK
BY _____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | MEMORANDUM DECISION AND ORDER **GRANTING** GOVERNMENT'S MOTION TO VACATE SUPPRESSION HEARING, **DENYING** DEFENDANT'S MOTION TO SUPPRESS, AND **DENYING** DEFENDANT'S MOTION TO CONTINUE CUT-OFF DATE |
| | : | |
| vs. | : | |
| | : | |
| MAXWELL POWELL, | : | Case No. 2:04 CR 112 W |
| Defendant. | | |

On September 19, 2005, the defendant filed a motion to suppress physical evidence that was recovered during and as a result of the February 2004 search of his home pursuant to a search warrant.[1] At defendant's request, the court scheduled an evidentiary hearing on the motion to suppress for October 26, 2005. In the interim, on October 14, 2005, the government filed a motion to vacate the October 26, 2005 suppression hearing and to deny the motion to suppress.[2] As a basis for its motion to vacate the suppression hearing and deny the defendant's

---

[1] The court is mindful of the fact that defendant filed a previous motion to suppress on June 29, 2004. However, in the June 29, 2004 motion, the defendant sought only to suppress "any and all statements of defendant surrounding his arrest on February 12, 2004." Review of the record reveals that defendant failed to pursue the motion to suppress statements. In as much as defendant's present motion declines to address or incorporate the prior motion, the court considers the matter waived.

[2] The court is puzzled by the government's use of the caption "Motion for Protective Order" for what appears to be the government's memorandum in opposition to defendant's motion to suppress. Notwithstanding the caption, the government's document begins with the

1

motion to suppress, the government claims: (1) that the defendant's motion to suppress is untimely, and (2) even if the court were to consider the merits of defendant's motion, there is no legal basis to support suppression of the evidence in this case. Thereafter, on October 26, 2005, the defendant filed a motion to continue the motion cut-off date.

## DISCUSSION

### I. Timeliness of Defendant's Motion to Suppress

After thorough review and consideration of the pleadings submitted by the parties, the court has determined that a hearing on defendant's motion to suppress is not warranted. First, the court notes the late date on which the September 26, 2005 motion was filed. As the government strongly asserts, the motion filing deadline in this case expired over a year ago. Moreover, the court finds it significant that the allegations which form the basis for the September 2005 motion to suppress occurred back in February of 2004. Defendant's pending motion is not the result of some newly acquired evidence or data. Rather, it is based on information that has been available and in existence since the inception of the case. Accordingly, defendant's belated motion appears to be nothing more than an attempt to further delay prosecution of this matter.

### II. Substance of Defendant's Motion to Suppress

Moreover, having reviewed the substance of defendant's motion to suppress, the court concludes that defendant has failed to identify any legitimate basis which would justify the suppression of evidence in this case.

First, defendant makes a broad and unsubstantiated "challenge" as to whether the search

---

sentence, "The United States (hereinafter, "government") respectfully opposes Defendant's Motion to Suppress." Accordingly, the court has construed the government's memorandum as one in opposition to defendant's motion to suppress.

warrant was based on false information. It is well established that where a defendant seeks to show a search warrant was executed based on false information, the defendant must make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." Franks v. Delaware, 438 U.S. 154, 155-56 (1978). Once the defendant makes this substantial preliminary showing, the defendant is entitled to a hearing on this issue *if* the false information is relevant to the finding of probable cause upon which the warrant was issued. "No Franks hearing is required if the defendant cannot prove the materiality of the allegedly false statements or the allegedly misleading omissions." U.S. v. Ary, 2005 WL 2367541, *4 (D.Kan. Sept. 27, 2005). Additionally, no hearing is necessary if the affidavit is still sufficient for probable cause without the false statement. Id.

The defendant in this case has failed to identify or point to any allegedly false statement or information in the affidavit. Accordingly, the defendant has failed to make the "substantial preliminary showing" that is required before he is entitled to hearing on this issue.

Second, without providing any detail, dates, or reasons for his claim, the defendant generally questions whether the information within the search warrant was stale. Although defendant is correct in asserting that a warrant may not be issued based upon stale information, the law makes clear that "timeliness and relevance cannot be judged solely by the days of the calendar. . . . Rather, whether the information is too stale to establish probable cause depends on the nature of the criminal activity, the length of the activity, and the nature of the property to be seized." United States v. Cantu, 405 F.3d 1173, 1177-78 (10th Cir. 2005). Applying these principles to this case, it appears that the investigation in this case occurred over a relatively short

period of time and the information relied upon was not stale.

Third, the defendant suggests that the evidence that was seized as a result of the search was not secured properly or might have been subject to tampering. However, "absent some showing by the defendant that the exhibits have been tampered with, it will not be presumed that the investigators who took custody of them would do so." United States v. Gay, 774 F.2d 368, 374-75 (10th Cir. 1985). Moreover, any argument defendant might have regarding alleged flaws in the storage of the evidence or chain of custody would not compel suppression of the evidence in this case because "deficiencies in the chain of custody go to the weight of the evidence and not its admissibility." Id. at 374.

III.   Motion to Continue Motion Cut-Off Date

Finally, based the foregoing and the court's review of the entire record in this case, the court declines to continue the motion cut-off date any further. The parties are hereby directed to contact Norrine Gardiner, the court's assistant, to set a trial date in this matter.

Therefore, based on the foregoing and good cause appearing, IT IS HEREBY ORDERED that the government's motion to vacate the suppression hearing is GRANTED, and defendant's motion to suppress is DENIED. In addition, defendant's motion to continue cut-off date is DENIED.

DATED this 7th day of November, 2005

BY THE COURT:

_David K. Winder_
David K. Winder
Senior District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that on the __7th__ day of November, 2005, I served copies of the foregoing by United States mail, postage prepaid, and/or by inter-office delivery, addressed as follows:

185 S. State Street, Suite 400
Salt Lake City, Utah 84111

46 West Broadway, Suite 110
Salt Lake City, Utah 84101

_____
Secretary